UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

-------------------------------
In re:                                                          Case No.: 14-33272 KAC

    *Scott D. Mischke,*                                         Chapter 13 Case

              Debtor.
-------------------------------

**TRUSTEE'S RESPONSE TO DEBTOR'S AMENDED MOTION TO VALUE THE SECURED CLAIM OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR MIDAMERICA MORTGAGE CORPORATION AND ATWOOD PROPERTY MANAGEMENT, INC.**

TO: All parties in interest pursuant to Local Rule 9013-3.

    1.    Gregory A. Burrell, chapter 13 trustee, makes the following response to the debtor's Amended Motion To Value the Secured Claim of Mortgage Registration Systems, Inc. as Nominee for Midamerica Mortgage Corporation and Atwood Property Management, Inc. ("the motion").

    2.    The court will hold a hearing on the motion at 10:30 a.m. on January 15, 2015 in Courtroom No. 2C, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

    3.    The motion is based on the procedure outlined in Local Rule 3012-1.

    4.    According to Local Rule 3012-1, the hearing on motions such as these should be held "contemporaneously with the hearing on confirmation of the plan." It is the trustee's understanding that this requirement was inserted into the local rule to comply with the 11 U.S.C. § 506(a)(1) requirement that the value of property is to be determined "in light of the purpose of the valuation and of the proposed disposition or use of the property, and in conjunction with any hearing on such disposition or use *or on a plan affecting such creditor's interest.*" (emphasis added). The hearing on confirmation of the debtor's proposed chapter 13 plan is scheduled for the same date, time and place as the hearing on the present motion.

    5.    The trustee notes that the names of the affected creditors are included in the motion title and that the title of the motion also includes a statement that the purpose of the motion is to determine the value rather than the secured status of the second mortgage claim and the claim of the property management company. The title does not include the phrase "for purposes of confirmation of the debtor's plan," although Paragraph 6 of the motion does include this language.

    6.    The motion includes a statement that the creditors' claims are to be treated as

unsecured in their entirety.

7. The motion includes both the legal description and address of the property.

8. The motion includes the name of each creditor holding a lien against the property. Servicer/nominee relationships among the creditors appear to have been disclosed.

9. The motion has been verified by the debtor.

10. The motion does not state the date on which the case was filed. The trustee notes that the debtor's valuation is based on an appraisal attached as Exhibit B to the motion and dated July 24, 2014. The case was filed on August 7, 2014. As such, the appraisal was obtained approximately 14 days post-filing. No other evidence of value has been submitted. It is within the discretion of the court to determine whether the debtor has sustained her burden of proof on this issue.

11. The motion appears to have attached to it the documents required by Local Rule 9013-2(a) and the items required by Local Rule 3012-1(b)(3), including an owners and encumbrance report, and the Chapter 13 plan attached to the motion is the last plan filed.

12. The latest certificate of service accompanying the motion indicates that Mortgage Electronic Registration Systems, Inc., HSBC Bank USA, N.A., Green Tree Servicing, Inc., OCWEN Servicing, LLC and Midamerica Mortgage Corporation were served by certified mail, return receipt requested. Atwood Property Management, Inc. was served via First Class Mail. Return receipts have not been filed with the court. The certificate of service includes a statement by debtor's counsel indicating how she determined where to serve the lenders and when the various websites were consulted for service information. It is for the court to determine whether service of process has been adequate in this case.

13. The proposed order is limited to seeking a determination that Mortgage Electronic Registration Systems, Inc. as Nominee for Midamerica Mortgage Corporation's claim and the claim of Atwood Property Management, Inc. are unsecured pursuant to 11 U.S.C. § 506.

WHEREFORE, the trustee prays that the court hold the hearing on the motion, and such other relief as may be just and equitable.

Dated: January 14, 2015

Gregory A. Burrell, Chapter 13 Trustee
Signed: /e/ Margaret H. Culp
Karl J. Johnson, ID # 391211
Margaret H. Culp, ID # 180609
Counsel for Chapter 13 Trustee
100 South Fifth Street, Suite 480
Minneapolis, MN 55402
(612) 338-7591

# VERIFICATION

I, Margaret H. Culp, employed by Gregory A. Burrell, the Chapter 13 Trustee, declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 14, 2015          Signed: /e/ Margaret H. Culp

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

------------------------------

In re:                                                              Case No.: 14-33272 KAC

    *Scott D. Mischke,*                                 Chapter 13 Case

                   Debtor.

------------------------------

## UNSWORN DECLARATION FOR PROOF OF SERVICE

       I, Margaret H. Culp, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on January 14, 2015, I served Trustee's Response to Motion to Value on all filing users and others who have consented to electronic service in this case, by electronic mail, as disclosed on the notice of electronic filing herein, and on the individual(s) listed below, in the manner described:

**By first class U.S. mail, postage prepaid:**

Scott D. Mischke
3324 Aaron Drive
Elko New Market, MN 55054

       And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: January 14, 2015                                       /e/ Margaret H. Culp